UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
JOHN R. BIESTERVELD,
aka John R. Biesterveld, Jr.,
    Debtor.                                          No. 7-07-12962 SA

**MEMORANDUM OPINION**

This matter comes before the Court for hearing on Debtor's Motion to Avoid Judicial Lien held by Ashok K. Kaushal. This motion seeks to avoid the judicial lien held against the residence of Debtor, John Biesterveld, for impairing Debtor's homestead exemption to which he is entitled under 11 U.S.C. §522(b) and N.M. Stat. Ann. §42-10-9. This is a core proceeding under 28 U.S.C. §157(b)(2)(B), which gives the Court the authority to enter final judgment. This memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. The Court finds that the judicial lien held by Ashok K. Kaushal impairs Debtor's homestead exemption and shall be avoided in its entirety pursuant to §522(f) of the Bankruptcy Code.

The parties have agreed to the underlying facts and the evidence contained in the three exhibits admitted without objection. On November 21, 2007 Debtor filed a voluntary chapter 7 petition. At the time of filing, Debtor's residence had a value of $170,000. Debtor holds a one-half interest in the

property subject to a transfer by quitclaim deed.[1]  On the date of the petition there was a mortgage on the residence in the amount of $85,000.  There was also a judicial lien on the residence in the amount of $14,725 at the time of filing.[2]  At this time Debtor claims a homestead exemption in the amount of $30,000 pursuant to N.M. Stat. Ann. §42-10-9.

## Discussion

Debtor alleges that the judicial lien should be avoided under §522(f) as an impairment on his homestead exemption. Section 522(f) permits a judicial lien to be avoided if it impairs an exemption to which the debtor is entitled.  To determine if an exemption is impaired the Code provides the following formula:

> For purposes of this section [§522(f)(2)(A)], a lien shall be considered to impair an exemption to the extent that the sum of –
>     (i) the lien;
>     (ii) all other liens on the property; and
>     (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Debtor reads §522(f) to say that the proper method of calculation is to add together the value of the lien sought to be avoided

---

[1] Ex. 3, Quitclaim Deed to real property at 1519 Hermosa Drive Southeast, Albuquerque, New Mexico 87108.

[2] Ex. 1, Transcript of Judgment No. CV-2006-05388 State of New Mexico Second Judicial District, filed in the records of Bernalillo County, New Mexico on September 29, 2006 as document 2006148588 in Book A124 at page 8191.

Page -2-

(judicial lien), the non-avoidable liens (mortgage on the residence), and Debtor's exemption; from this subtotal, subtract Debtor's interest in the property to find the extent to which the judicial lien may be avoided. Following this interpretation the calculation would be as follows:

| | | |
|---|---|---|
| Debtor's Interest | | $85,000 |
| Exemption | $30,000 | |
| Mortgage | $85,000 | |
| Judgment Lien | + $14,725 | |
| subtotal | $129,725 | |
| Subtract Subtotal from Debtor's interest | | -$129,725 |
| Amount that liens and exemption exceed Debtor's interest (Total impairment) | | -$44,725 |

Under this interpretation of the Code the judgment lien would be avoided in its entirety, as the the amount of the impairment exceeds the amount of the judgment lien.

Creditor, Ashok Kaushal, reads §522(f) differently. Under Creditor's interpretation, all non-avoidable liens should be subtracted from the total value of the residence; the remaining equity should then be divided in half to account for Debtor's one-half interest (Debtor's equity); from Debtor's equity subtract Debtor's homestead exemption to find net equity; the net

Case 07-12962-s7    Doc 24    Filed 08/15/08    Entered 08/15/08 10:36:59 Page 3 of 7

equity is then subtracted from the judicial lien to find the extent to which the lien is avoided. Following this interpretation the calculation would be as follows:

| | |
|---|---|
| Value of Residence | $170,000 |
| Non-avoidable liens (mortgage) | − $85,000 |
| Total Equity | $85,000 |

| | |
|---|---|
| Total Equity | $85,000 |
| Equity of joint tenant | − $42,500 |
| Debtor's equity | $42,500 |

| | |
|---|---|
| Debtor's equity | $42,500 |
| Homestead exemption | − $30,000 |
| Net Debtor equity | $12,500 |

| | |
|---|---|
| Judgment lien | $14,725 |
| Net Debtor equity | − $12,500 |
| Extent to which lien is avoided | $2,225 |

Under Creditor's interpretation, the judgment lien is partially avoided in the amount of $2,225, but the remaining $12,500 remains attached to the residence.

The issue before the Court is thus the appropriate means by which to interpret §522(f) in determining if or the extent to which the judicial lien may be avoided. The United States

Page -4-

Bankruptcy Appellate Panel for the Tenth Circuit has already ruled on this issue in In re Cozad.[3] In that case the Court approved the interpretation used by the Debtor in this case.[4] The Court affirmed the methodology of adding the full amount of all liens and exemptions together before comparing that value to the debtor's one-half interest in the property, rather than calculating Debtor equity after subtracting liens.[5] Although the position Creditor takes is supported in other jurisdictions,[6] this Court and the Bankruptcy Appellate Panel for the Tenth Circuit have consistently used a strict application of the statutory formula in calculating §522(f).[7] Statutes are to be interpreted according to the existing statutory text, absent ambiguity or absurdity.[8] The Court finds no such ambiguity in

---

[3] Zeigler Eng'g Sales, Inc. v. Cozad (In re Cozad), 208 B.R. 495 (10th Cir. B.A.P. 1997).

[4] Id. at 497.

[5] Id. at 498.

[6] All Points Capital Corp. v. Meyer (In re Meyer), 373 B.R. 84, 90 (9th Cir. B.A.P. 2007) (rejecting a strict or mechanical approach to applying the statutory formula used in In re Cozad); Nelson v. Scala, 192 F.3d 32, 35 (1st Cir. 1999); Miller v. Sul (In re Miller), 299 F.3d 183, 186 (3d Cir. 2002); Lehman v. VisionSpan, Inc.(In re Lehman), 205 F.3d 1255, 1257 (11th Cir. 2000).

[7] In re Cozad, 208 B.R. at 495; In re Griffith, No. 96-12874, slip op. (Bankr. N.M. 1999).

[8] Lamie v. United States Trustee, 540 U.S. 526, 534 (2004) ("When the statute's language is plain, the sole function of the
(continued...)

522(f), and finds that there is no absurdity in the outcome that would require looking beyond the text of the statute to the intent of Congress.[9]

### Conclusion

Based on a strict statutory construction of §522(f), and in accordance with precedent in this district, the Court determines that the calculation used by Debtor is the proper construction of §522(f). As such the judicial lien held against Debtor's residence is avoided in its entirety as an impairment of Debtor's homestead exemption. A separate order consistent with this memorandum opinion is entered concurrently herewith.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: August 15, 2008

copies to:

Jason Neal                          Post Office Box 8
320 Gold Avenue SW, Suite 900       Albuquerque, NM 87103-0008

---

[8](...continued)
courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms."). (Citations and internal punctuation omitted.)

[9]The court in In re Meyer found that a strict or mechanical application of §522(f) would lead to an absurd result, but, with some understatement, "conceded that [the Ninth Circuit B.A.P.'s methodology] requires a generous interpretation of §522(f)(2) because the precise language of the statute does not ineluctably yield that conclusion." In re Meyer, 373 B.R. at 90.

Case 07-12962-s7    Doc 24    Filed 08/15/08    Entered 08/15/08 10:36:59 Page 6 of 7

Kevin D Hammar
1212 Pennsylvania St NE
Albuquerque, NM 87110-7410